GARY L. REBACK (SBN 100118)
greback@carrferrell.com
ROBERT J. YORIO (SBN 93178)
Yorio@carrferrell.com
CARR & FERRELL *LLP*
120 Constitution Drive
Menlo Park, California  94025
Telephone:  (650) 812-3400
Facsimile:   (650) 812-3444

Attorneys for *Amicus Curiae*
CONSUMER WATCHDOG

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br><br>GOOGLE INC.,<br><br>                    Defendant. | CASE NO. CV 12-04177 SI<br><br>**NOTICE OF MOTION AND MOTION OF CONSUMER WATCHDOG (1) FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO PROPOSED STIPULATED ORDER OF THE PARTIES, (2) FOR MODIFICATION OF MAGISTRATE JUDGE'S BRIEFING SCHEDULE, AND (3) FOR AN ORDER SETTING A HEARING ON THE PARTIES' MOTION AND PERMITTING CONSUMER WATCHDOG TO PARTICIPATE THEREIN**<br><br>Date:           Sept. 28, 2012<br>Time:          9:00 a.m.<br>Courtroom: 10<br>Judge:         Honorable Susan Illston |

TO PLAINTIFF, DEFENDANT AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 28, 2012, at 9:00 a.m. in Courtroom 10 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, proposed *Amicus Curiae* Consumer Watchdog will, and hereby does, move (1) for leave to appear and file an *amicus curiae* brief in the above-captioned case in opposition to the proposed stipulated order of the parties, (2) for modification of the Magistrate Judge's briefing schedule, and (3) for an order setting a

-1-

1  hearing on the parties' motion and permitting Consumer Watchdog to participate therein.  This
2  motion is based on this Notice of Motion and the accompanying Declaration of Robert J. Yorio.
3      The parties to this action seek entry of a stipulated order resolving a complaint filed by the
4  U.S. Attorney General on behalf of the Federal Trade Commission ("FTC" or "Commission") against
5  Google Inc. for violating a prior consent order of the Commission against Google.  The prior order
6  imposed certain obligations on Google to protect consumer privacy and confidentiality, which the
7  Complaint now before this Court alleges Google has violated.

## ARGUMENT

9  Commissioner J. Thomas Rosch dissented from the FTC's approval of the stipulated order that
10 attempts to resolve the new complaint. (*In the Matter of Google Inc.*, *FTC Docket No.* C-4336
11 (August 9, 2012), Rosch, J.T., dissenting.)  Commissioner Rosch argued, *inter alia*, that the proposed
12 stipulated order now before this Court is not in the public interest because the proposed order itself
13 acknowledges that Google continues to deny any violation of the prior FTC order, deny liability for
14 the claims set forth in the complaint before this Court, and deny the material allegations of the
15 complaint except for those regarding jurisdiction and venue.  Commissioner Rosch further argued
16 that permitting the denial of liability by Google cannot be justified by the proposed $22.5 million
17 civil penalty because that penalty represents a *de minimis* amount of Google's profit or revenues.
18 Google's alleged violation of the prior FTC order was widely reported in the press.
19 Announcement of the new settlement without an admission of any wrongdoing by Google produced a
20 vast outpouring of condemnation by commentators.  *See, e.g.*, "For Violating Users' Privacy, Google
21 Pays FTC Fine of Approximately 0 Percent of Revenues" (August 9, 2012),
22 http://www.slate.com/blogs/future_tense/2012/08/09/google_ftc_privacy_settlement_22_5_million_fi
23 ne_or_about_0_percent_of_revenues.html.
24 The question of whether federal courts should accept consent settlements between
25 government agencies and private companies in which the companies continue to deny liability is
26 currently at issue in two other prominent pieces of litigation.  Last year Judge Rakoff of the Southern
27 District of New York rejected a proposed stipulated order between the SEC and Citigroup because
28 the record did not contain either an admission or denial of the allegations underlying the complaint.

*SEC v. Citigroup Global Mkts. Inc.,* 827 F. Supp. 2d 328 (S.D.N.Y. 2011).  The Second Circuit subsequently stayed proceedings in Judge Rakoff's court while it considers the parties' appeal. *SEC v. Citigroup Global Mkts., Inc*., 673 F.3d 158 (2d Cir. 2012).

The FTC is also involved in a similar case.  In *FTC v. Circa Direct LLC,* 2012 U.S. Dist. LEXIS 81878 (D.N.J. June 13, 2012), the district court twice required the Commission to submit briefing on whether the FTC's failure to obtain an admission of liability implicates the court's public interest analysis.

The parties' submissions here do not even acknowledge the controversy regarding the FTC's action, much less direct this Court to the other matters in litigation.  More importantly, however those other cases are resolved, the record here is unique in that the FTC is attempting to settle allegations of Google's violation of an earlier Commission order without any acknowledgement of liability.  "In other words," wrote Commissioner Rosch, "the Commission charges Google with contempt," making its acceptance of Google's denial of liability "all the more inexplicable."

In the *Circa Direct* case, the FTC acknowledged that the appropriate standard of review in a case like this is whether the proposed settlement is "fair, adequate, reasonable, and in the public interest."  Consumer Watchdog respectfully submits that it can aid this Court in making the appropriate evaluation.

Established in 1985, Consumer Watchdog is a nationally recognized non-partisan, non-profit organization representing the interests of taxpayers and consumers.  Its mission is to provide an effective voice for the public interest.  Consumer Watchdog's programs include health care reform, oversight of insurance rates, energy policy, protecting privacy rights, protecting legal rights, corporate reform, and political accountability.  Attorneys representing Consumer Watchdog have taken the lead role in numerous landmark cases resulting in published appellate and California Supreme Court opinions upholding consumer protections, including *In re Tobacco II Cases*, (2009) 46 Cal. 4th 298, 93 Cal. Rptr. 3d 559, 207 P.3d 200; *Safeco Ins. Co. of America v. Superior Court,* 173 Cal. App. 4th 814 (Cal. App. 2d Dist. 2009); *Fogel v. Farmers Group, Inc*., 160 Cal. App. 4th 1403 (Cal. App. 2d Dist. 2008); *Foundation for Taxpayer & Consumer Rights v. Garamendi,* 132

1   Cal. App. 4th 1354 (Cal. App. 2d Dist. 2005). Consumer Watchdog has no financial interest in the
2   outcome of the litigation.

3         Consumer Watchdog's Privacy Project began four years ago and includes monitoring
4   practices of Google and other Internet and mobile companies.  When allegations that Google had
5   been circumventing a privacy setting in Apple's Safari web browser first became public earlier this
6   year, Consumer Watchdog, as part of its Privacy Project, promptly contacted each of the FTC
7   Commissioners by letter, asking that the Commission investigate whether Google was violating its
8   prior consent decree.  (A copy of the February 17, 2012 letter is attached as Exhibit A to the
9   Declaration of Robert J. Yorio.) The FTC acknowledged Consumer Watchdog's complaint by return
10  mail. (A copy of the March 29, 2012 FTC letter is attached as Exhibit B to the Declaration of Robert
11  J. Yorio.)

12        The parties moved to enter their proposed stipulated order on August 9, 2012.  The civil
13  docket for this case indicates that the Magistrate Judge to whom the case was originally assigned set a
14  response date to the parties' joint motion of August 23, 2012.  The briefing schedule has fallen during
15  the height of "vacation season" and, in any case, two weeks is simply not enough time to prepare a
16  brief on such an important matter of public policy.

17  **CONCLUSION**

18        We ask that the Court take the opportunity to establish a briefing schedule commensurate with
19  the importance of this case.  The parties provided no briefing to the Court at the time they filed these
20  motions.  Other courts, in similar circumstances, have required the parties (the FTC, in particular) to
21  fully brief the numerous important issues before the Court, including, principally, how the "public
22  interest" standard is satisfied by the FTC's actions.  We ask that the Court order the parties to provide
23  adequate briefing and that Consumer Watchdog be permitted a reasonable period of time to file a
24  response to the parties' arguments.  We believe the Court would benefit from adversarial briefing on
25  these issues.  If the parties are not required to submit briefs at this time, we ask for 30 days from the
26  entry of an order granting *amicus curiae* status to file our *amicus* brief.

27        We also respectfully suggest that a hearing might assist the Court in deciding whether to enter
28  the proposed consent decree. Judge Rakoff in *SEC v. Citigroup Global Mkts.*, 827 F. Supp. 2d 336

(S.D.N.Y. 2011) decided to convene such a hearing and even issued an order setting out questions to be answered at the hearing. We therefore request the Court schedule a hearing at the conclusion of the briefing and that Consumer Watchdog be permitted to participate at oral argument.

The parties have been informed of the filing of this motion, and both parties have declined to take a position on the filing of the *amicus* brief by Consumer Watchdog.

For the reasons set forth above, Consumer Watchdog asks that the Court grant its motion to modify the Magistrate Judge's briefing schedule, to permit Consumer Watchdog to file an *amicus* brief, and to participate in any scheduled hearing or oral argument.

Dated: August 21, 2012                                       CARR & FERRELL *LLP*


                                                             By:  /s/ Robert J. Yorio
                                                                  GARY L. REBACK, Of Counsel
                                                                  ROBERT J. YORIO

                                                                  Attorneys for *Amicus Curiae*
                                                                  Consumer Watchdog